May Term,
1861.

Jones
v.
Van Gundy.

Monday,
June 17.

JONES *v.* VAN GUNDY.

On the trial of an information for lunacy, the Court may, of its own motion, order an examination of the alleged lunatic before the jury; and, ordinarily, it would not be erroneous to make such order on motion of persons interested; but where it does not appear that any of the triers of the question desired such examination, it is no abuse of discretion for the Court to refuse an application of the person bringing the information to have the examination made.

APPEAL from the *Fountain* Common Pleas.

HANNA, J.—The appellant filed a complaint, averring that the appellee was of unsound mind and incapable of transacting business. Issue was made, and, on the trial, the appellant moved the Court to examine, or cause to be examined, the said appellee, before the jury, touching her capacity to transact business, and her mental soundness. The motion was overruled. This presents the only question in the case. The record does not disclose the reason for the refusal by the Court to permit the examination sought.

The statute is silent upon the subject. Under the practice in *England*, the control of the persons and estates of idiots, lunatics, &c., was vested in the Court of Chancery. Commissioners were appointed by the Chancellor to inquire as to lunacy. The return made to the writ of inquiry, thus issued, might be traversed, and the question presented to a jury. The person alleged to be of unsound mind might be brought before the commissioners, or the Chancellor, for inspection and examination. But whether the person should be so examined, appears to have been discretionary with the commissioners, the jury, or the Chancellor. Mad. Ch., vol. 2, 728 to 740; 12 Ves. 455; 2 *id.* 405; 1 P. Wms. 701; 1 Johns. Ch. R. 600; 3 Burr. 1631; 1 Har. Ch. Pr. 753; 1 Coll. on Id. & Lun. 324; 3 Atk. 6; Amb. 109, *Southcote's* case. The same practice appears to have been pursued, in some instances, in *New York.* 1 Johns. Chy. 600.

In the case at bar, the motion to enter into such examination emanated from the person averring the unsoundness of mind. It is not apparent that any of the triers of that question

desired such an examination. We can not say, from the record before us, that there was any error in the ruling on the motion. We are of opinion that the judge, of his own motion, might have ordered such examination; and, ordinarily, it would not be error for him so to rule on motion of persons interested; and it may be possible that the jury, as the triers of the question of lunacy, or unsoundness of mind, would have the right to require, or enter into, an examination and inspection, but this we do not now decide.

We see no abuse of discretion, and consequently no error in the ruling.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. Ristine, J. E. McDonald, A. L. Roache* and *M. M. Milford*, for the appellant.

*W. A. Peele, E. A. Davis, J. J. Taylor* and *A. A. Rice*, for the appellee.